MEMORANDUM **
Arenas-Lopez appeals from his conviction for conspiracy to possess marijuana *172 with intent to distribute under 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B)(vii). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
Arenas-Lopez’s argument focuses only-on the district court’s denial of his motion to suppress under the Fourth Amendment. He argues that his warrantless arrest was not supported by probable cause.
Arenas-Lopez’s opening brief does not present any argument that the facts found by the district court are insufficient to support probable cause. Therefore, any argument dealing with whether the facts found justify probable cause to stop and arrest Arenas-Lopez has been waived. Fleischer Studios, Inc. v. A. V.E.L.A., Inc., 654 F.3d 958, 965 (9th Cir.2011). Instead, Arenas-Lopez argues that the district court erred in considering and clearly erred in finding certain facts. Arenas-Lopez asserts that when these facts are removed from the analysis, there is no probable cause. Therefore, in addressing his argument, we limit ourselves to the narrow question of whether the district court erred by considering or clearly erred by finding the disputed facts.
The district court did not clearly err in finding that Arenas-Lopez looked “surprise[d],” “concernfed]” or “alarm[ed]” when he noticed the agent in a vehicle in the lane next to his, because that is a reasonable interpretation of the testimony, which described Arenas-Lopez’s expression as an “oh no” reaction.
The district court did not clearly err in finding that Agent Whitney passed the purple Explorer while chasing the white Dodge because the distinct court never found this fact — instead it found that “Whitney believes he passed the Ford Explorer.” The district court did not rely on Whitney’s belief, and Arenas-Lopez has not shown how Whitney’s subjective belief is relevant.
The district court did not err in considering Arenas-Lopez’s very hard look at Agent Whitney at the rest stop because a court is required to consider the “totality of the circumstances,” which includes innocent and incriminating facts alike. United States v. Arvizu, 534 U.S. 266, 274-75, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002) (requiring consideration of innocent factors such as looking in a store window, driving a minivan, looking awkward when waving, talking with friends, or any other acts “consistent with innocent travel”). Arenas-Lopez’s argument is based on his effort to reinstate the divide-and-conquer approach, already rejected in Aruizu, by excluding innocent facts from the totality analysis. The district court was required to consider all factors, regardless whether others would consider them originally innocent or incriminating. Arenas-Lopez’s argument that a particular fact was innocent misses the point. Therefore, the district court did not err in considering the testimony that Arenas-Lopez gave a “very hard” look at Agent Whitney. Even what might otherwise be innocent conduct can, in the totality of the case, be significant.
Some might think a casual look to satisfy Arenas-Lopez’s curiosity could be important but the evidence accepted by the district court does not show a curiosity type of look. The testimony is that Arenas-Lopez looked “very hard” to see what Whitney was doing. Just as the “oh no” expression described above can support probable cause, so can an intensely observant expression. See United States v. Ewing, 638 F.3d 1226, 1232 (9th Cir.2011) (considering a person’s nervous expression).
Ultimately, we need not weigh the probative value of the very hard look, because Arenas-Lopez has waived the argument that the facts considered by the district *173 court do not support probable cause. Arenas-Lopez has limited his argument to whether the district court permissibly considered certain facts, without arguing that the facts found by the district court are insufficient to establish probable cause.
The district court did not err by considering whether Arenas-Lopez might have begun his trip in the city of Douglas where the Explorer was registered. This discussion occurred only after the district court explained the facts challenging Arenas-Lopez’s story that he had begun his trip in Sahuarita.
The district court did not err in considering the irregularities in Arenas-Lopez’s story that he was attending a funeral, because Arenas-Lopez’s driving pattern would have required him to have turned around and headed back southbound almost as soon as he arrived in Sahuarita. Whether true or not, it is, in the view of the district court, an unusual driving pattern that must be considered as part of the totality of the circumstances.
The district court did not erroneously apply the collective knowledge doctrine because Agents Housley and Jarmon were aiding Agent Whitney in his investigation at the time of the arrest. United States v. Jensen, 425 F.3d 698, 704-705 (9th Cir.2005).
The district court was not required to hold an evidentiary hearing because it did not reject the magistrate judge’s credibility findings. United States v. Raddatz, 447 U.S. 667, 676, 680-81, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).
AFFIRMED

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.